NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2020*
Decided January 22, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2609

| | |
|---|---|
| RYAN D. KRUEGER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-1148 |
| STATE OF WISCONSIN and PEGGY MILLER, *Defendants-Appellees.* | William C. Griesbach, *Judge.* |

**O R D E R**

Ryan Krueger sued the state of Wisconsin and a family-court commissioner, alleging violations of his right—which he says arises under the Americans with Disabilities Act—to have an "advocate" accompany him during state-court proceedings. The district court dismissed his complaint at screening, concluding that Krueger failed

---

* The district court dismissed the complaint in this case at screening, *see* 28 U.S.C. § 1915(e)(2)(B), before any defendant appeared. The appellees are not participating in the appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because intervening events have rendered the appeal moot, we vacate the district court's judgment and remand with instructions to dismiss.

In his complaint, Krueger alleges that the state-court commissioner, at a hearing in a paternity case, denied his request for "an advocate; a military disability and PTSD specialist" to help him "level the court playing field." This denial, he alleges, violated Title II of the Act, which provides that "no qualified individual with a disability shall…be excluded from participation in or be denied the benefits of the services, programs, or activities" of a public entity, such as a court. 42 U.S.C. § 12132. Title II includes a duty to provide reasonable accommodations for persons with disabilities. *See Tennessee v. Lane*, 541 U.S. 509, 531–33 (2004) (describing duty regarding accessibility of judicial services).

Krueger filed his federal complaint only 16 days after the commissioner denied his request. He asked the district court to "allow [him] to proceed in the [Wisconsin state court] with an advocate" and asserted that the matter was urgent because he was being prevented from seeing his children. The district court dismissed Krueger's complaint at screening for failing to state a claim upon which relief can be granted. The court stated that he does not have an absolute right to "counsel or an advocate" under the Act, noting that there is no such right in civil cases generally. Construing his complaint as also requesting visitation with his children, the court reasoned that the domestic-relations exception to subject-matter jurisdiction precluded its intervention.

On appeal, Krueger argues that the district court misconstrued his complaint as requesting a "court-appointed" advocate when he instead requested permission to proceed with an advocate if *he* could obtain one, and, relatedly, that the Act requires that he be allowed an advocate in his state-court proceedings.

Recent developments render Krueger's appeal moot, however. As Exhibit A to his brief, Krueger attached a letter from the commissioner (dated 11 days after the district court dismissed his case) stating that Krueger is "certainly entitled to have an Advocate present" in court. The commissioner explained that during the earlier hearing, she had assumed that Krueger's request for an "advocate" (without any further explanation from him) was for a court-appointed attorney.

Krueger asserts that his "Case must [still] be fully redressed," but he has already received the relief he sought. A controversy must remain live throughout all stages of

litigation in order for a federal court to exercise jurisdiction. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). Here, the state court will allow him to have an advocate of his choosing to assist him in navigating the proceeding. Although a defendant's voluntary cessation of the offending conduct does not always moot a controversy, in this case, the state court explained that it simply misunderstood Krueger's request, so we have no reason to expect that it would resume the alleged violation of Krueger's rights. *See id*.

We note that Krueger has two other appeals pending that relate to the same underlying state-court case, and we therefore emphasize that our ruling here pertains only to the question of his entitlement to have an advocate with him in court.

Insofar as Krueger challenges the district court's ruling that it lacked jurisdiction over his claim requesting visitation with his children, the court properly invoked the domestic-relations exception to federal subject-matter jurisdiction. *See Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 859–860 (7th Cir. 2007); *see also Jones v. Brennan*, 465 F.3d 304, 306–07 (7th Cir. 2006).

Accordingly, we vacate the district court's judgment and remand with instructions to dismiss as moot.